Thomas A. JOAS, Plaintiff—Appellee,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,
Defendant—Appellant.

Thomas A. Joas, M.D., Plaintiff—
Appellee,

v.

Reliance Standard Life Insurance
Company, Defendant—
Appellant.

Nos. 08–55284, 08–55813.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2009.

Filed May 21, 2009.

David B. Sharp, Esquire, Law Offices of David B. Sharp, San Diego, CA, for Plaintiff–Appellee.

Kevin McNamara, Esquire, Harrington Foxx Dubrow & Canter, LLP, Los Angeles, CA, Joshua Bachrach, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, for Defendant–Appellant.

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

Defendant-appellant Reliance Standard Life Insurance Company (Reliance) appeals the district court's order granting plaintiff-appellee Dr. Thomas A. Joas summary judgment. Reliance also appeals the district court's award of attorney's fees and costs to Joas. We have jurisdiction under 28 U.S.C. § 1291 and we affirm both orders.

### I.

The parties agree that Joas is entitled to disability benefits under a disability insurance plan that Reliance funds and that gives Reliance discretion to make eligibility determinations. This "structural conflict of interest" requires us to apply to Reliance's plan decision "abuse of discretion review ... informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 967 (9th Cir.2006) (en banc). The district court did not err by applying abuse of discretion review tempered by "a fair amount of skepticism," because it is undisputed that Reliance calculated Joas' benefits under a structural conflict of interest. *See Abatie,* 458 F.3d at 965. Further, the record contains several of Joas' written requests for documents pertaining to Reliance's benefits calculations for similarly situated claimants, which Reliance failed to provide in violation of ERISA regulations requiring a full and fair hearing. *See* 29 C.F.R. §§ 2560.503–1(b)(5), (h)(2)(iii), (m)(8)(iii). The district court properly considered this "procedural unreasonableness" in tempering its standard of review. *Met. Life Ins. Co. v. Glenn,* — U.S. —, 128 S.Ct. 2343, 2352, 171 L.Ed.2d 299 (2008).

### II.

The plan provides benefits based on a calculation of "Covered Monthly Income" (CME), defined as "monthly salary received ... on the day just before the date of Total Disability." For a salesperson, CME also includes commissions averaged over the 24 months before disability. It is undisputed that Joas' compensation varied each month with the amount of work he performed for his employer as an anesthesiologist.

On de novo review of the district court, and reading the plan's terms in their " 'ordinary and popular sense as would a person of average intelligence and experi-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ence,'" *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1127 (9th Cir.2002) (quoting *Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837, 840 (9th Cir.1995)), we hold that Reliance abused its discretion by calculating Joas' CME using only his earnings from the last month before disability, November 2001. Reliance's position that Joas earned a "salary" because his earnings were based on a fixed calculation method is not supported by the definition of salary in *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1196 (9th Cir.2007) (adopting Black's Law Dictionary definition of salary as an "agreed compensation for services— especially professional or semiprofessional services—usually paid at regular intervals *on a yearly basis*" (emphasis added) (alterations omitted)). Joas' compensation was not an agreed annual salary paid monthly, but rather an amount that fluctuated according to the timing of payments for services he rendered. Such compensation would not commonly be understood as a salary. As the district court concluded, the most comparable plan provision addressing such a method of compensation is that for a "salesperson" paid on a "commission" basis, where the CME for a claimant with variable pay is calculated using averaging methods to arrive at predictable and fair results. *See id.* at 1194 ("The intended meaning of even the most explicit language can, of course, only be understood in the light of the context that gave rise to its inclusion." (quotation omitted)). The district court did not err in finding that Reliance abused its discretion and that the "commission" model governed Joas' CME calculation.

## III.

The district court did not improperly consider evidence outside the administra-

tive record because district courts are permitted to look beyond the administrative record when insurers violate ERISA procedures. *See Abatie*, 458 F.3d at 972–73.

## IV.

Reliance does not challenge the district court's calculation of attorney's fees and costs, only that they were awarded to Joas, who Reliance contends should not have prevailed. Because we affirm the district court on the merits, we also affirm its order granting attorney's fees and costs.

**AFFIRMED.**